UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14052-CR-MOORE/LYNCH(s)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JEFFREY AUNSPAUGH,

   Defendant.
_____/

FILED by ___ D.C.

MAR 26 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ADDITIONAL INVESTIGATIVE COSTS (CJA) [D.E. #165]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and otherwise being advised in the premises, this Court makes the following recommendation to the District Court.

1. The statute which authorizes the Defendant to incur investigative costs is contained with Title 18, United States Code, Section 3006A(e). The statute authorizes a maximum amount of $2,400.00 for such investigative costs. Section 3006A(e)(3), specifically limits the costs to $2,400.00 unless payment in excess of that amount is certified by the Court, or by the United States Magistrate Judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the Chief Judge of the Circuit.

2. This Court previously authorized the Defendant to incur investigative costs by Order entered January 11, 2012. That Order was entered pursuant to the Defendant's motion [D.E. #98]. This Court's Order specifically stated that "the compensation for said

investigator shall not exceed the sum of $2,400.00 at a rate not to exceed $60.00 per hour pursuant to Title 18, United States Code, Section 3006A(e)(1)."

3. The Defendant now seeks, after the fact, authorization for an additional $1,500.00 in addition to the $2,400.00 already incurred and authorized by the Court. This Court finds no justification for the additional amounts. Further, if the Defendant had anticipated the necessity of incurring such additional amounts, a motion, before the fact, should have been filed.

4. This Court's previous Order is clear in stating that no amounts in excess of $2,400.00 would be authorized. Further, the statute authorizes a limit of $2,400.00 unless the Chief Judge of this Circuit approves such excess payments. That authorization by the Chief Judge of this Circuit would occur only after there is a certification by the District Court that amounts in excess of that limit were necessary and justified.

5. This Court is not prepared to authorize such excess payments after the fact. There is nothing unusual in the nature of this case which would require exceeding the statutory cap in question. There is nothing set forth in the motion which gives such justification. This Court is not going to recommend that such additional amounts be paid.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Additional Investigative Costs [D.E. #165] in the amount of $1,500.00 in excess of the $2,400.00 statutory cap be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___ day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
Richard F. Della Fera, Esq.
Lucy Lara, CJA/Case Administrator